# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**THE CHURCH WITH THE GOOD NEWS, INC.,**<br><br>Debtor | Chapter 11<br>Case No. 06-10582-JF |

### MEMORANDUM OF DECISION

The matters before the Court for determination are the Motion of the Debtor to Dismiss Case and the Motion of the City of Fitchburg and the Town of Ashburnham to Convert Case to Chapter 7, or, in the Alternative, for the Appointment of a Chapter 11 Trustee.  The Court held a hearing on both motions on April 28, 2008.  All parties in interest who responded to the motions and appeared in court agreed that there is cause for either dismissal of the case or the appointment of a chapter 11 trustee, and the issue presented is which remedy is appropriate under the circumstances of this case.   See 11 U.S.C. §§ 1104(a), 1112(b).

The debtor operates a church and owns several parcels of real estate which it uses to fund its operations.  Two parties in interest, the Town of Ashburnham and the City of Fitchburg, initially moved to convert this case to a case under chapter 7.  At the hearing on April 28, and in the face of the debtor's defense under 11 U.S.C. § 1112(c) that it is not a moneyed, business, or commercial corporation, both parties declined to proceed on the request to convert to chapter 7.  Upon inquiry by the Court, attorneys for both municipalities represented that they were unwilling or unprepared to introduce any evidence to rebut the debtor's assertion, even though this motion has been scheduled for an evidentiary hearing for several months.  Accordingly, the court denies the request for conversion of this case to chapter 7.

All parties in interest, including the debtor, acknowledge that the debtor has been unable to propose a confirmable chapter 11 plan during the pendency of this case, which was

commenced over two years ago.  This is the debtor's second chapter 11 case in the past decade.  The first case resulted in dismissal after the appointment of a chapter 11 trustee, and no plan was filed or confirmed.  Indeed, recognizing its inability to propose a viable reorganization in the present case, the debtor assents to dismissal of this case, including a bar on commencing another case in the future, or, if dismissal is deemed inappropriate, to appointment of a chapter 11 trustee.  All of the creditors in this case are the same as in the prior case.  Moreover, all of the creditors who appeared at the April 28 hearing are secured creditors who have mortgages or either statutory or judicial liens on the debtor's property.  The court heard the positions of all creditors and of the United States trustee with respect to the appropriate remedy.  Upon consideration of the arguments of the parties and of the United States trustee, as well as the entire record of proceedings in this case and the prior case, the Court finds that continuation of this chapter 11 case is not likely to result in the prompt and effectual settlement of debtor's financial affairs or payment and resolution of the claims of creditors.  Moreover, since the vast majority of debts of the debtor are owed to secured creditors with adequate state law remedies, dismissal of this case is in the best interest of creditors.  The parties who originally sought conversion or the appointment of a trustee expressed no position on the preferable remedy.  The United States trustee opposed the appointment of a trustee and expressed support for dismissal, pointing out the inability of the trustee in the first chapter 11 case to file or obtain confirmation of a plan or other consensual settlement of claims, as well as the uncertainty of available funds to pay administrative claims, including compensation of a chapter 11 trustee if this case were to continue in chapter 11.

     The parties in interest who expressed support for the appointment of a trustee, 3-M Realty and the City of Boston, did not present facts or analysis regarding the value of the

debtor's assets and the extent of liens encumbering those assets. They failed to provide a basis from which the court could find that the appointment of a chapter 11 trustee is in the best interests of creditors and the estate. The court has no information from which to find that equality of distribution would be better served by the appointment of a trustee than dismissal, that any party would sustain a loss of rights if the case were dismissed rather than a trustee appointed, or that the appointment of a chapter 11 trustee would maximize the estate's value and the recovery of creditors. The court further notes that despite the expiration of the debtor's exclusive period for filing a plan and lack of any progress towards reorganization, none of the secured creditors filed a plan or sought relief from stay to pursue their state law remedies with respect to their liens.

All of the creditors' claims can be resolved outside of a chapter 11 case. There has been little progress in resolving claims in this case, despite the debtor's objections to numerous claims. Indeed, with respect to one of its objections to claims, the debtor refused to provide legitimate discovery, failed to obey orders of the court to answer discovery requests, and was held in contempt. The debtor's principal's protestation that creditors unfairly presented claims is inconsistent with the relative burdens of the parties in the claims process as a proof of claim is prima facie evidence of its validity, and it is the burden of the objector to rebut such evidentiary effect with competent evidence. See Fed. R. Bankr. P. 3001(f), 3007.

Accordingly, the court finds that dismissal is in the best interests of creditors and the estate. Furthermore, in view of the unique and extraordinary circumstances of this case and the history of the prior case, and in light of the debtor's consent to the following condition on dismissal, pursuant to 11 U.S.C. §§ 105(a) and 349(a), the court finds that it is appropriate and equitable to prohibit the debtor from seeking further bankruptcy protection for a period of three

years.

By separate order and for the reasons set forth above, the Court will deny the Motion of the City of Fitchburg and the Town of Ashburnham to Convert Case to Chapter 7, or in the Alternative for the Appointment of a Chapter 11 Trustee and will allow the Motion of the Debtor to Dismiss Case with prejudice to the debtor's filing a new petition for relief under the Bankruptcy Code within three years of the date of this order.

By the Court,

*Joan N. Feeney*

_____
Joan N. Feeney
United States Bankruptcy Judge

Dated: April 28, 2008

4